NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILES HALL, | No. 10-56996 |
| Plaintiff - Appellee, | D.C. No. 3:08-cv-01195-JLS-WVG |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, a corporation, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| ASSOCIATED UNDERWRITERS and UNITED TRUCKERS ASSOCIATION, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted May 11, 2012
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: NOONAN and FISHER, Circuit Judges, and GRITZNER, Chief District Judge.[**]

National Union appeals a grant of summary judgment in favor of plaintiff-beneficiary Miles Hall in this diversity action for insurance benefits. The district court found that National Union failed to effectively limit its $1,000,000 accident insurance coverage to $250,000 in cases of accidental death and therefore owed beneficiary Miles Hall $1,000,000 upon his father's death. National Union raises three issues on appeal: whether Hall's complaint adequately placed the terms of the policy in issue; whether the district court erred in finding, as a matter of law, that the policy conferred a $1,000,000 death benefit; and whether the district court erred in denying National Union's motion for reconsideration.

We review an order granting summary judgment de novo, *see Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 966 (9th Cir. 2006), and an order denying a motion for reconsideration for abuse of discretion, *see SEC v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010). We affirm.

*A. Pleading*

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, Hall's operative complaint sought $1,000,000 in benefits under the theory that a temporary

insurance policy created by the decedent's application for coverage was in effect at the time he died. Hall attached a copy of the insurance application to the complaint. The complaint also alleged, in paragraph 18, that Hall was entitled to $1 million because "[t]here was no conspicuous plain or clear statement of any lesser limit of liability or any reduction of benefits payable to Robert Hall's designated beneficiary ever communicated to Robert Hall [the decedent] prior to his death . . . ." Paragraph 18 was sufficient to put National Union on notice that the terms of its Certificate of insurance were at issue. Furthermore, National Union responded to the complaint by introducing a copy of the Certificate, thereby placing it in issue. The court did not err when it interpreted the terms of the Certificate in ruling on cross-motions for summary judgment.

*B. Interpretation of the policy*

Interpretation of an insurance policy is a question of law in California. *See TRB Investments, Inc. v. Fireman's Fund Ins. Co.*, 40 Cal. 4th 19, 27 (2006); *Haynes v. Farmers Ins. Exch.*, 32 Cal. 4th 1198, 1204 (2004). "[T]o be enforceable, any provision that takes away or limits coverage reasonably expected by an insured must be conspicuous, plain and clear. . . . in words that are part of the working vocabulary of the average layperson." *Haynes*, 32 Cal. 4th at 1204 (internal quotation marks omitted). Here, the decedent signed up for $1,000,000 in

coverage. National Union faxed him a Certificate entitled "$1,000,000 Combined Single Limit Occupational Accident Benefit." An itemized entry for "AD&D" coverage, payable at $250,000, was neither plain, clear, nor understandable to a layperson. *See id.* It therefore did not effectively limit coverage upon accidental death to $250,000. The district court did not err in finding, as a matter of law, that the Certificate entitled Hall to a $1,000,000 benefit.

*C. Rule 59 motion*

National Union moved for reconsideration under Federal Rule of Civil Procedure 59. "Reconsideration under Rule 59(e) is appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *SEC v. Platforms Wireless*, 617 F.3d at 1100 (internal quotation marks omitted). Here, National Union sought to use Rule 59 to introduce the declaration of an insurance expert in the trucking industry. It could have introduced this evidence in its opposition to Hall's motion for summary judgment, but chose not to. The district court's grant of summary judgment was not clear error, nor was there any intervening change in controlling law. Therefore, the district court did not abuse its discretion by denying National Union's Rule 59 motion.

4

The judgment of the district court is AFFIRMED.

*Hall v. National Union Fire Insurance*, No. 10-56996

GRITZNER, Chief District Judge, concurring:

I concur in sections B and C only, and in the result.